UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BONCHON FRANCHISE LLC,

                Plaintiff,

    -against-

XIAO CHENG ZHOU; EILEEN ZHOU; STAMFORD
BROTHER, LLC,

                Defendants..

Docket No. 26-cv-3973

## ORDER TO SHOW CAUSE FOR
## PRELIMINARY INJUNCTION

Upon the annexed Declaration of Suzie Tsai, dated May 13, 2026; Plaintiff's

Memorandum of Law, dated May 13, 2026; and the Complaint filed in this action; and, upon the

motion of Plaintiff Bonchon Franchise LLC ("Bonchon"), it is hereby

ORDERED, that defendants show cause before this Court in Room __ of the United

States Courthouse, 500 Pearl Street, New York, New York 10007, on May__, 2026 at 10:00

o'clock in the forenoon of that date, or as soon thereafter as counsel may be heard, why an order

should not be entered pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily

enjoining and restraining defendants, and any and all persons or entities working in concert with

them, commencing on the issuance of the Court's order and continuing until the final

determination and entry of judgment in this action, as follows:

    a.  Prohibiting and enjoining Defendants, and all those acting by, through or in
        concert with them, from continuing to use, and from disclosing to others, and
        requiring Defendants to immediately deliver to Bonchon all of Bonchon's
        Confidential Information, which include, without limitation:

        (i)   the Bonchon Operations Manual, and

      (ii)   the Confidential Information (as defined in the Franchise Agreement); and

b. Prohibiting and enjoining Defendants, and all those acting by, through or in concert with them, immediately and continuing for a period of two years from the date of the Court's injunction (or, in the alternative, October 30, 2025, the effective date of expiration of the Franchise Agreement), from directly or indirectly, for themselves or through, on behalf of, or in conjunction with any person, persons or legal entity:

    (i)   diverting or attempting to divert any business or client of Bonchon or of Mr. Zhou while a Bonchon franchisee, to Defendants or any other competitor of Bonchon or its other franchisees,

    (ii)  performing any act injurious or prejudicial to Bonchon's goodwill and the Bonchon System; and,

    (iii) directly or indirectly engaging in, aiding, assisting, serving or participating in any other business or activity (a "Competitive Business") which offers or sells any of the products or services which now or hereafter are authorized for sale under the Bonchon System or component thereof in any manner; which offers or sells similar or related products or services; which engages in any of the activities which the Franchise Agreement contemplates that Defendants will engage in; or, which offers or sells any other product, service or component which now or in the future is part of the Bonchon System, or any confusingly similar product or service within ten miles of the former BONCHON Restaurant at 170 College Street, New Haven, Connecticut or within ten miles of the restaurant location of any other franchised or company-owned Bonchon Business (regardless of how established or operated).

And it is further

ORDERED, that service of a copy of this Order, the annexed Declaration, Summonses, Complaint, and Memorandum of Law upon Defendants at 170 College Street, New Haven, Connecticut 16510 and 55 Hallock Street, New Haven, Connecticut 06519 by FedEx or other overnight delivery service on or before May __, 2026  shall be deemed good and sufficient service; and it is further

ORDERED, that answering papers, if any, shall be filed and served so as to be received by counsel for the Plaintiff on or before the close of business on May __, 2026, and that such service shall be deemed good and sufficient; and it is further

ORDERED, that reply papers, if any, shall be filed and served so as to be received by Defendants on or before the close of business on May __, 2026, and that such service shall be deemed good and sufficient; and it is further

ORDERED that the parties or their counsel shall appear for oral argument on the date set forth above.

Issued:    New York, New York
           May__, 2026


                                        _____
                                        United States District Judge

3