UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

BONCHON FRANCHISE LLC,

           Plaintiff,

   -against-

XIAO CHENG ZHOU, EILEEN ZHOU, and
STAMFORD BROTHER, LCC.

           Defendants.

———————————————————————— x

26-cv-3973 (CM)

## OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

McMahon, J.:

This matter comes before the Court on the motion of Plaintiff Bonchon Franchise LLC

("Plaintiff" or "Bonchon") for entry of a preliminary injunction against Defendants Xiao Cheng

Zhou ("Mr. Zhou"), Eileen Zhou ("Mrs. Zhou"), and Stamford Brother, LLC ("Stamford")

(collectively, "Defendants"), enjoining Defendants from operating the MAMA SHIM restaurant

at 170 College Street, New Haven, Connecticut. The motion is unopposed, Defendants having

failed to put in papers or show up at the hearing.

After reviewing Bonchon's motion and the accompanying record, the Court finds that

Bonchon has met the criteria for entry of a preliminary injunction. Bonchon's motion for a

preliminary injunction is GRANTED.

On October 31, 2015, Bonchon and Mr. Zhou entered into a Bonchon Franchise LLC

Franchise Agreement ("Franchise Agreement"), pursuant to which Mr. Zhou was granted a license

to operate a Bonchon restaurant at 170 College Street, New Haven, Connecticut for a period of ten years and to use Bonchon's proprietary marks in connection therewith.[1]

Pursuant to Section 12.02 of the Franchise Agreement, Mr. Zhou agreed that, during the term of the franchise agreement and for two years following its expiration, he and any other persons or entities acting with or through him, including his spouse, are prohibited from engaging in a Competitive Business (defined as any business or activity that offers products or services which are authorized for sale under the Bonchon System or any similar or related products and services) within ten miles of the Bonchon restaurant located at 170 College Street in New Haven, Connecticut. *See* Dkt. No. 18-1. Section 12.02 specifically prohibits Mr. Zhou from "directly or indirectly engaging in any Competitive Business as a proprietor, partner, investor, shareholder, member, director, manager, officer, employee, principal, agent, advisor, consultant, lessor, sublessor, or any similar capacity." *Id.*

Pursuant to Section 12.04 of the Agreement, Mr. Zhou further agreed that any violations of the covenants contained in Section 12 of the Franchise Agreement would result in immediate and irreparable injury to Bonchon for which no adequate remedy at law is available and that any such violations will be deemed to have been accomplished by and through the unlawful use of Bonchon's Confidential Information, know-how, methods, and procedures. *See* Dkt. No. 18-1.

The Bonchon restaurant at 170 College Street permanently ceased operations on October 29, 2025, one day before the expiration of the Franchise Agreement. Immediately following the

---

[1] On January 29, 2019, Bonchon and Mr. Zhou entered into a second Franchise Agreement (the "Fairfield Franchise Agreement"), pursuant to which Mr. Zhou was granted a license to operate a Bonchon restaurant at 1561 Post Road, Fairfield, Connecticut for a period of ten years. The Fairfield Franchise remains in operation; its business is not impacted by the entry of this Order.

closure of the restaurant, Defendants opened and began operating a restaurant called "MAMA SHIM" at 170 College Street. Plaintiff alleges that MAMA SHIM offers the same menu previously offered at the Bonchon restaurant, including Korean style fried chicken, complementary appetizers, side dishes, and beverages. *See* Dkt. No. 1 ¶ 37. This, Plaintiff asserts, violates the non-competition provisions of the Franchise Agreement.

Bonchon initiated the instant action on May 13, 2026. See Dkt. No. 1. The same day, Bonchon moved for a preliminary injunction enjoining Defendants from operating MAMA SHIM and requiring Defendants to comply with the post-expiration confidentiality and non-competition covenants under the Franchise Agreement and the Non-Competition Agreement. *See* Dkt. Nos. 7, 10. A hearing on Bonchon's motion to show cause why a preliminary injunction should not issue was held on May 27, 2026. Despite the issuance by the Court of an Order directing Defendants to show cause by May 22, 2026 why a preliminary injunction should not issue, and to appear before the Court on May 27, *see* Dkt. No. 14, Bonchon's motion is unopposed. No Defendant has appeared in this case to date, although service was effected per the Court's order and counsel for Plaintiff has advised the Court that Defendant Zhou has contacted them and received the moving papers. The Court specifically finds that Bonchon has provided notice to Defendants in accordance with this Court's May 14, 2026 Order, *see* Dkt. No. 14, and Federal Rule Civil Procedure 65(a)(1).

The Court further finds that it has personal jurisdiction over Defendants and that venue lies in this district. Defendant Zhou expressly agreed, in two separate written agreements, to submit to venue in this district and to the jurisdiction of this Court for any disputes arising out of the Franchise Agreement and a related Confidentiality/Non-Competition Agreement, *see* Dkt. No. 18-2. Jurisdiction exists over Zhou's wife and Stamford Brother, LLC, the corporation he controls, because the contractual language demonstrates the parties' intent that the provisions at issue would

3

apply not only to Mr. Zhou personally, but to anyone acting with or through him, including his spouse and any entity controlled by him. *See* Dkt. No. 18-1. *See Int'l Priv. Satellite Partners, L.P. v. Lucky Cat Ltd.*, 975 F. Supp. 483, 486 (W.D.N.Y. 1997) (a person or entity who is not a signatory to a contract containing a forum selection clause may still be bound by the clause if he is "closely related" to the dispute such that it is "foreseeable" that he will be bound).

Considerable evidence submitted in support of the motion establishes that Bonchon has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Bonchon will suffer irreparable harm if the injunction is not granted. *See* Dkt. Nos. 8, 10.

Accordingly, IT IS HEREBY ORDERED that:

a. Defendants, and all those acting by, through or in concert with them, are preliminarily enjoined and restrained from continuing to use, and from disclosing to others, Bonchon's Confidential Information, which include, without limitation:

    i. The Bonchon Operations Manual; and

    ii. The Confidential Information (as defined in the Franchise Agreement)

b. Defendants are required to immediately deliver to Bonchon all of Bonchon's Confidential Information, including the Bonchon Operations Manual and Confidential Information as defined in the Franchise Agreement.

c. Pending the final resolution of this lawsuit or until October 30, 2027, whichever comes first, Defendants, and all those acting by, through or in concert with them, are preliminarily enjoined and restrained from directly or indirectly, for themselves or through, on behalf of, or in conjunction with any person, persons or legal entity:

i.      Diverting or attempting to divert any business or client of Bonchon or of Mr. Zhou while a Bonchon franchisee, to Defendants or any other competitor of Bonchon or its other franchisees;

ii.     Performing any act injurious or prejudicial to Bonchon's goodwill and the Bonchon System; and

iii.    Directly or indirectly engaging in, aiding, assisting, serving or participating in any other business or activity which offers or sells any of the products or services which now or hereafter are authorized for sale under the Bonchon System or component thereof in any manner; which offers or sells similar or related products or services; which engages in any of the activities which the Franchise Agreement contemplates that Defendants will engage in; or, which offers or sells any other product, service or component which now or in the future is part of the Bonchon System, or any confusingly similar product or service within ten miles of the former Bonchon Restaurant at 170 College Street, New Haven, Connecticut. A map showing the approximate 10-mile radius from 170 College Street is attached hereto as Addendum A.

iv.     Lest there be any confusion, the entry of this preliminary injunction means that Defendants, and each of them, are preliminarily enjoined from operating MAMA SHIM Restaurant at 170 College Avenue, New Haven CT, or any other restaurant located within a ten mile radius of 170 College Avenue, in a manner that in any way violates the terms of this preliminary injunction, including specifically by serving the menu items featured at Bonchon Restaurants.

## Conclusion

Plaintiff's motion for entry of a preliminary injunction is GRANTED.

The Defendants are required to serve and file an answer to the complaint that was served on them no later than 21 business days (federal holidays and weekends excluded) from the date of this order, or (to be specific), by June 26, 2025. I want Mr. Zhou to understand what this means. He and his wife and his corporation need to file an answer to the complaint. Mr. Zhou and Mrs. Zhou can represent themselves or they can appear through a lawyer. But Mr. Zhou needs to hire a lawyer to represent the corporate Defendant, because a corporation cannot litigate "pro se" but must be represented by counsel – not by an individual who is not a lawyer. *See Foxmind Canada Enters. Ltd. v. YOYO Lip Gloss, Inc.*, 2023 WL 9595348, at *1 (E.D.N.Y. May 1, 2023). Mr. Zhou would be well advised to find counsel immediately to help him deal with this situation. The same lawyer can probably represent all three Defendants, though counsel will have to ascertain this for themselves.

After an answer has been filed the parties can agree to a Case Management Plan or the Court will hold an Initial Pre-Trial Conference pursuant to Fed. R. Civ. P. 16.

The Clerk of Court is respectfully directed to terminate Dkt. No. 7.

This constitutes the decision and order of the Court. It is a written decision.

Dated: May 28, 2026

_____

U.S.D.J.

BY ECF TO ALL COUNSEL

## ADDENDUM A

